UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL GREEN,

    Plaintiff,

v.

MALINDA FIVEASH,
HKD PROPERTIES, INC., a Florida Corporation, and HILL-KELLY DODGE, INC., a Florida corporation,

    Defendants.

Case No. 3:18-cv-2393

**Jury Trial Requested?**
☒ YES   ☐ NO

## VERIFIED COMPLAINT

CHERYL GREEN, acting individually and derivatively on behalf of HILL-KELLY DODGE, INC. ("Hill-Kelly"), files this action against MALINDA FIVEASH; HKD PROPERTIES, INC. ("HKD"); and HILL-KELLY, and states:

### PARTIES

1. Plaintiff Green, is a shareholder of Hill-Kelly. Green resides in Brentwood, Tennessee.

2. Defendant Fiveash, is a shareholder of Hill-Kelly, its sole board member, sole director, president, and registered agent. Fiveash is sole owner, president, vice-president, and registered agent of HKD.

3. Hill-Kelly is a Florida corporation with its principal place of business located at 6171 Pensacola Boulevard, Pensacola, Florida.

4. HKD is a Florida corporation with its principal place of business located at 6171 Pensacola Boulevard, Pensacola, Florida

## JURISDICTION

5. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, as the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. While Green files this case derivatively on behalf of Hill-Kelly as permitted by Florida law, Hill-Kelly is the alter ego of Fiveash, who opposes the filing of this lawsuit. Hill-Kelly is therefore antagonistic to Plaintiff Green in this action and is properly aligned as a defendant for purposes of diversity jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## BACKGROUND

7. Plaintiff owns 31.17 percent of the common shares of Hill-Kelly, which shares were acquired in 2009.

8. Fiveash owns 68.83 percent of the common shares of Hill-Kelly. Fiveash is also the president, chief executive officer, and sole director of Hill-Kelly

9. Fiveash has misused her position as officer and director of Hill-Kelly and violated her fiduciary and statutory duties to Hill-Kelly and to Plaintiff individually by operating the company as her personal business without regard for the best interests of Hill-Kelly or Plaintiff as more specifically set forth below.

10. At all material times, Fiveash, as corporate officer and director of Hill-Kelly, had a fiduciary duty to Plaintiff, including a duty to act with the level of care an ordinarily prudent person in a like position would exercise under similar circumstances, and a duty of loyalty. The aforesaid duties require Fiveash to act in good faith in the best interests of Hill-Kelly and its shareholders, and to refrain from engaging in self-dealing activities that would permit her to receive an improper personal benefit from her relationship with Hill-Kelly and from misappropriating corporate opportunities.

**Count I – BREACH OF FIDUCIARY DUTIES**
**(Derivative Claims against Malinda Fiveash and HKD Properties, Inc.)**

11. Plaintiff realleges and reincorporates paragraphs 1-10 above.

12. Fiveash violated her fiduciary duties as director and officer by engaging in the following acts, among other things:

   a. Fiveash has caused Hill-Kelly to lease property from HKD Properties, an entity owned personally by Fiveash. The lease was not negotiated in an arms-length transaction and the rent exceeds the fair market value for the property.

  b. Fiveash has caused Hill-Kelly to pay her a salary that exceeds the salary of comparably situated executives in similar automobile dealerships for the positions held by Fiveash. The salary is also far in excess of the amount that is reasonable for the services provided to Hill-Kelly y Fiveash.

  c. Fiveash has caused Hill-Kelly to pay annual bonuses to Fiveash. The bonuses are in excess of an amount justified by Fiveash's contribution to Hill-Kelly, company performance, or profits, is substantially in excess of industry standards, and is not consistent with prudent management.

  d. Fiveash has caused Hill-Kelly to pay substantial sums of money for personal expenses of Fiveash that provided no benefit to Hill-Kelly.

  e. In violation of Florida law, no annual shareholder meetings for Hill-Kelly have been held since 2009.

  f. No dividends have been paid by Hill-Kelly since Green has been a shareholder.

  g. On information and belief, Hill-Kelly has received an offer from a local car dealer to purchase Hill-Kelly for $12 million. Reasonable prudence requires that the offer be given serious consideration and that Green be consulted. Fiveash did not notify Plaintiff of the offer and has not responded to the offer.

13. The aforesaid acts constitute a violation of Fiveash's fiduciary and statutory obligations to Hill-Kelly and to Plaintiff personally.

14. On September 14, 2018, Plaintiff notified Fiveash, in her capacity as sole director of Hill-Kelly, of the violations set forth above, and demanded that the board of directors take appropriate action to remedy the violations. A copy of the written notice is attached hereto as **Exhibit A**. No response has been received to the notice.

**WHEREFORE**, Plaintiff seeks judgment for the following relief and requests trial by jury:

a) Appointing an independent investigator or law firm to examine the books, records, and dealings of Hill-Kelly and to report to this Court on its findings;

b) Requiring the election by the shareholders of additional independent members of the board of directors;

c) Establishing an independent compensation committee to set Fiveash's compensation as chief executive officer and director;

d) Requiring the board of directors of Hill-Kelly to call annual meetings of shareholders;

e) Requiring renegotiation of any lease or other contract negotiated by Fiveash through self-dealing in amounts above a fair market price;

f) Requiring payment of dividends to shareholders from surplus profits of Hill-Kelly;

g) Entering judgment for Hill-Kelly for damages; and awarding Plaintiff attorney's fees and costs for prosecution of this action.

### Count II – BREACH OF FIDUCIARY DUTIES
### (Plaintiff Green Individual Claims against
### Malinda L. Fiveash and HKD Properties, Inc.)

15. Plaintiff realleges and reincorporates paragraphs 1-10 above.

16. Fiveash has caused Hill-Kelly to pay her substantial sums of money that inured to the personal benefit of Fiveash and provided no benefit to Hill-Kelly. While not designated as such, such payments have in effect been dividends or profit-sharing payments or distributions.

17. No dividends or profit-sharing payments have ever been made to Plaintiff.

**WHEREFORE**, Plaintiff seeks judgment for damages and such other relief as the Court deems appropriate, and requests trial by jury.

/s/ Barry Richard
BARRY RICHARD, FBN 0105599
FRED F. HARRIS, JR., FBN 253359
MICHAEL H. MOODY, FBN 66471
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL  32301
Telephone (850) 222-6891
richardb@gtlaw.com
harrisf@gtlaw.com
moodym@gtlaw.com
trammellc@gtlaw.com
flservice@gtlaw.com
*Attorneys for Plaintiff*

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Complaint and that the facts stated in it are true to the best of my knowledge and belief.

Signed this 18 day of December, 2018.

_____
CHERYL GREEN

TAL 452330075v4